**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:17-cv-00715

MELISSA TALBOTT

      Plaintiff,

vs.

HERO DVO, LLC, a Delaware Limited Liability Company,
d/b/a HERO PRACTICE SERVICES,

      Defendant.

_____

**COMPLAINT AND JURY DEMAND**
_____

      Plaintiff, Melissa Talbott, by and through her undersigned attorney, for this Complaint against Defendant Hero DVO, LLC ("Hero DVO") and states as follows:

**<u>NATURE OF ACTION</u>**

1.     Plaintiff brings this action under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a) and alleges Defendant interfered with her rights thereunder, and retaliated against her because of her exercise of her rights thereunder.

**<u>JURISDICTION AND VENUE</u>**

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that Plaintiff's claims arise under the FMLA, 29 U.S.C. § 2601, *et seq.*

3.     Venue is proper in the District of Colorado under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred in this District and because the Defendant does business and is located in this District.

4.      This Court has personal jurisdiction over Defendant because it does business

and is found in the District of Colorado, and because the claims set forth herein arise, in

whole, from events that occurred in the District of Colorado.

## PARTIES

5.      Plaintiff, Dr. Melissa (Montano) Talbott ("Dr. Talbott") , is an adult citizen of the

State of Colorado and resides at 2134 Wake Forest Court, Colorado Springs, CO

80918.

6.      At all material times to this Complaint, Dr. Talbott was an "eligible employee,"

within the meaning of 29 U.S.C. § 2611(2), because she had been employed by

Defendant for at least twelve (12) months prior to the events described in this Complaint

and worked at least 1,250 hours during the twelve (12) month period preceding the

events described herein.

7.      Hero DVO, is an entity doing business at 3630 Austin Bluffs Pkwy #100,

Colorado Springs, CO  80918.  It provides support, including human resource services,

to Academy Kids Dental Center, P.C., ("Academy-Kids"), which operates multiple

locations in Colorado providing pediatric dentistry and other services.

8.      At all times material to this Complaint, Hero DVO employed Dr. Talbott within the

meaning of 29 U.S.C. § 2611(4).

## FACTS

9.      Dr. Talbott began her employment with Hero DVO in approximately February

2015 when it took over a previous dental practice which had employed her.

10.      At that time, Dr. Talbott worked full-time as a dentist at Academy-Kids.

-2-

11.     At that time, Defendant paid Dr. Talbott a salary of $23,000 per month.

12.     At some time subsequently, Defendant changed Dr. Talbott's compensation to $1,100 per day for those days that she was scheduled to work.

13.     At the end of May 2015, at the beginning of her high-risk pregnancy, Dr. Talbott voluntarily reduced her work schedule from full-time to three (3) days per week. Defendant expressly agreed to this.

14.     At that time, Dr. Talbott and Defendant discussed and agreed that she planned to go on FMLA leave around the anticipated date of her delivery in early December 2015, and that she would return in early March 2016.

15.     As part of this discussion in May 2015, Dr. Talbott and Defendant specifically discussed and agreed that upon her return from FMLA leave, Dr. Talbott would work four (4) days per week.  These four days would include three (3) days of doing general anesthesia (GA) (two days' screening and one day for operation), and a fourth day for general dentistry (GD). For the GA work, Defendant agreed to pay Dr. Talbott at the rate of $1,400 per day.  For the GD work, Defendant agreed to pay Dr. Talbott at the rate of $1,100 per day.

16.     Dr. Talbott went on approved FMLA leave from December 7, 2015 through February 29, 2016. At the company's invitation and request, while still on leave and recovering from her difficult childbirth, she also attended a "summit" meeting with the company's leadership on January 30, 2016.

17.     Upon the end of Dr. Talbott's FMLA leave, Defendant did not return her to the same or an equivalent position to the one she occupied before her leave. Nor did it fulfill

its promise that she would work 4 days a week, including 3 days of GA and one day of

GD. In fact, despite her repeated efforts, Defendant did not schedule Dr. Talbott to work

much at all.

18.    Dr. Talbott worked only 46 days for Defendant from March to October 2016.

19.    On October 31, 2016, Defendant terminated Dr. Talbott's employment.

### FIRST CAUSE OF ACTION:
### INTERFERENCE WITH PLAINTIFF'S EXERCISE
### OF RIGHTS UNDER THE FMLA, 29 U.S.C. § 2615(a)(1)

20.    Plaintiff re-alleges all preceding paragraphs and incorporates them herein.

21.    Dr. Talbott exercised her rights under the FMLA when she took leave for

treatment of a serious medical condition beginning on December 7, 2015.

22.    On return from her leave, Dr. Talbott was entitled to be restored to the same or

an equivalent position.  29 U.S.C. § 2614(a)(1).

23.    Defendant did not restore Dr. Talbott to the same or an equivalent position, as

required by the FMLA.

24.    The FMLA prohibits an employer from interfering with the exercise of or the

attempt to exercise any right provided by the FMLA. 29 U.S.C. § 2615(a)(1)

25.    As a direct and proximate result of Defendant's violation of her rights under

29 U.S.C. § 2614(a)(1), Dr. Talbott suffered economic damages, including her lost

wages and other benefits of employment.

### SECOND CAUSE OF ACTION:
### RETALIATION AGAINST PLAINTIFF FOR ENGAGING IN PROTECTED ACTIVITY
### UNDER THE FMLA, IN VIOLATION OF 29 U.S.C. § 2615(a)(2)

26.    Dr. Talbott re-alleges all preceding paragraphs and incorporates them herein.

27.    The FMLA prohibits an employer from discharging or in any manner discriminating against an individual because she engaged in FMLA protected activity.

28.    Dr. Talbott engaged in FMLA protected activity when she requested and was granted leave to treat her own serious health condition beginning on December 7, 2015.

29.    By terminating Dr. Talbott's employment on October 31, 2016, Defendant willfully discriminated and retaliated against Dr. Talbott for exercising her rights under the FMLA, in violation of 29 U.S.C. § 2615(a)(2).

30.    Defendant would not have terminated Dr. Talbott had she not taken FMLA leave.

31.    Defendant's decision to terminate Dr. Talbott was motivated by Dr. Talbott's absence from work on FMLA protected leave.

32.    As a direct and proximate result of Defendant's violation of her rights under 29 U.S.C. § 2615(a)(2), Plaintiff has suffered economic damages, including her lost wages and other benefits of employment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Dr. Melissa Talbott, respectfully requests judgment and prays for the following relief:

A.    A declaration that Defendant violated the FMLA when it failed to restore Dr. Talbott to the same or an equivalent position upon her return from leave.

B.    A declaration that Defendant violated the FMLA when it terminated Dr. Talbott's employment on October 31, 2016.

C.    Damages equal to the amount of wages, salary, employment benefits and other compensation denied or lost to Dr. Talbott by reason of the non-restoration of her prior

employment, together with interest thereon, pursuant to 29 U.S.C. §2617(a)(l)(A)(i)(I) and (ii).

D.      Damages equal to the amount of wages, salary, employment benefits and other compensation denied or lost to Dr. Talbott by reason of the termination of her employment, together with interest thereon, pursuant to 29 U.S.C. §2617(a)(l)(A)(i)(I) and (ii).

E.      An additional amount as liquidated damages equal to the amount of damages and interest awarded as requested above, pursuant to 29 U.S.C. § 2617(a)(l)(A)(iii).

F.      Dr. Talbott's costs of this action, reasonable attorney fees and reasonable expert witness fees, pursuant to 29 U.S.C. § 2617(a)(3); and

G.      Such other legal and equitable relief as this Court deems just and proper.

March 20, 2017.                              Respectfully submitted,

                                             */s/  Gary M. Kramer*
                                             Gary M. Kramer, Attorney # 41017
                                             Gary Kramer Law, LLC
                                             1465 Kelly Johnson Blvd, Suite 210
                                             Colorado Springs, CO  80920
                                             Tel (719) 694-2783
                                             Fax (719) 452-3622
                                             gary@garykramerlaw.com
                                             Attorney for Plaintiff, Dr. Melissa Talbott

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, I electronically filed the foregoing Complaint with the Clerk of the Court using the Court's CM/ECF system.

      March 20, 2017                    */s/ Gary M. Kramer*
         Date                           Gary M. Kramer

-6-